Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6787 W. Tropicana Ave., Suite 250
Las Vegas, Nevada 89103
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com

*Attorneys for Plaintiff,*
Todd Randall

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TODD RANDALL, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>   vs.<br><br>Financial Services of America,<br><br>             Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA")**<br><br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

///

///

CLASS ACTION COMPLAINT

# INTRODUCTION

1.  Plaintiff Todd Randall ("Plaintiff"), individually and on behalf of the proposed Class defined below, brings this class action lawsuit for damages resulting from the unlawful actions of Defendant Financial Services of America ("Defendant" or "FSA"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff to suffer damages.

2.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by Plaintiff's attorneys.

3.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5.  Unless otherwise stated, all the conduct engaged in by Defendant took place in the State of Nevada.

6.  Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

7.  Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors,

assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

8. All violations alleged regarding the Fair Debt Collection Practices Act are material violations as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

9. The "least sophisticated debtor" standard applies to questions of violations of § 1692f. *Wade v. Regional Credit Association,* 87 F.3d 1098, 1100 (9th Cir. 1996). "If the least sophisticated debtor would 'likely be misled' by a communication from a debt collector, the debt collector has violated the Act." *Guerrero v. RJM Acquisitions, LLC,* 499 F.3d 926, 934 (9th Cir. 2007*)*. "The 'least sophisticated debtor' standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061-62 (9th Cir. 2011). This objective standard will ensure that the FDCPA protects all consumers, the gullible as well as the shrewd, the ignorant, the unthinking and the credulous. *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1171 (9th Cir. 2006) (citing *Clomon v. Jackson,* 988 F.2d 1314, 1318-19 (2d Cir. 1993)).

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

11. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the "FDCPA" or the "Act").

12. Defendant is subject to personal jurisdiction in Nevada, as Defendant conducts business in Nevada, and specifically reached into Nevada to attempt to collect debt from Plaintiff in Nevada.

13. Venue is proper pursuant to 28 U.S.C. § 1391 because all the events giving rise to this lawsuit occurred in Nevada within this judicial district, Plaintiff resides

within this federal judicial district, the conduct complained of herein occurred within this federal judicial district, and Defendant conducted business within this federal judicial district at all times relevant.

## PARTIES

10. Plaintiff is a natural person who resides in Las Vegas, Clark County, Nevada.

11. Plaintiff is alleged to owe a "debt" as that term is defined by 15 U.S.C. 1692a(5) and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant FSA is a debt collection agency incorporated under the laws of the State of Illinois and regularly conducts business in the State of Nevada.

13. Defendant is a debt collection agency and does business in the State of Nevada.

14. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Plaintiff allegedly incurred financial obligations (the "Debt") to an original creditor, Travel Winds Vacation Travel Club (the "Original Creditor") that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, arising from a transaction which was primarily for personal, family, or household purposes; and therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17. Sometime thereafter, Defendant claims Plaintiff fell behind in the payment(s) allegedly owed on the Debt.

### *May 16, 2023, Letter from Defendant FSA*

18. On May 16, 2023, Defendant FSA sent Plaintiff a harassing letter attempting to collect the alleged Debt.

19. FSA stated that Plaintiff's alleged Debt has been transferred to FSA for collection; "We are attempting to collect on your account . . . This account has been transferred for collection to FSA to resolve this open, unpaid, and accruing debt."

20. FSA failed to provide the required notices, specifically the notices under 15 U.S. § 1692g(a)(1), 1692g(a)(3-5).

21. The May 16, 2023, Letter was the first written correspondence from FSA and failed to meet the 15 U.S. § 1692g(a) notice requirements.

22. The May 16, 2023, Letter, also fails to inform Plaintiff that the communication was from a debt collector and that the letter was an attempt to collect a debt, pursuant to the 15 U.S.C. § 1692e(11) notice requirements.

### *Plaintiff's June 1, 2023, Letter to Defendant FSA*

23. On June 1,2023, Plaintiff communicated to FSA about the alleged Debt, asking for the proper legal documents proving the validity of the alleged Debt.

### *July 18, 2023, Letter from Defendant FSA*

24. On July 18, 2023, Plaintiff received another letter from Defendant FSA regarding the alleged Debt stating that it was FSA's "Second Notice" to the Plaintiff.

25. The July 18, 2023, letter, was similar to its prior May 16, 2023, letter, stated that Plaintiff's alleged debt has been transferred to FSA for collection.

26. Defendant FSA never sent Plaintiff any documents validating the Debt but continued its attempts to collect the Debt in violation of 15 U.S.C. § 1692g(b).

27. The July 18, 2023, letter once more stated that "[FSA is] attempting to collect on your account . . . This account has been transferred for collection to FSA to resolve this open, unpaid, and accruing debt."

28. Similarly, the July 18, 2023, Letter also failed to inform Plaintiff that the communication was from a debt collector, that the communication was an attempt to collect a debt, and that any information obtained would be used for the purpose of the collection of a debt, in violation of 15 U.S. § 1692e(11) notice requirements.

29. Defendant's collections activities and communications above violated 15 U.S.C. § 1692e(2) by falsely representing the amount and the legal status of the Debt in the various collection communications and documents sent to Plaintiff.

30. Defendant's collections activities and communications above violated 15 U.S.C. § 1692e(10) by Defendant's use of various false representations and deceptive means in connection with its attempts to collect the Debt from Plaintiff.

31. Defendant's collections activities and communications above violated 15 U.S.C. § 1692f because Defendant utilized unfair and unconscionable means in its attempts the Debt from Plaintiff.

32. Defendant's collections activities and communications above violated 15 U.S.C. § 1692f(l) because Defendant attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

33. Each of Defendant's collection communications described above (January 5, 2023, February 8, 2023) violated 15 U.S.C. § 1692e(10) by Defendant's use of false representations and deceptive means in connection with its attempts to collect an alleged debt.

34. Each of Defendant's collection communications described above (January 5, 2023, February 8, 2023) violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of Plaintiff's alleged debt.

35. Defendant's collections activities and communications above violated 15 U.S.C. § 1692g(a) because Defendant's initial communication did not provide Plaintiff with the required language per the statute;

KAZEROUNI
LAW GROUP, APC

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

36. Defendant's collections activities and communications above violated 15 U.S. § 1692g(b) because it continued collecting on the Debt without providing Plaintiff any validation of the Debt after Plaintiff had requested it form Defendant.

37. Defendant's collections activities and communications above violated 15 U.S.C. § 1692e(11) because it failed to provide the required notices in its communications per the statute;

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the

communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

38. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above cited provisions.

39. Plaintiff has been misled, suffered mental anguish and emotional distress, inconvenience, frustration, and stress, and is therefore entitled to actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the 15 U.S.C. §§ 1692, et seq., including but not limited to each one of the above cited provisions.

41. Defendant's debt collection letter to Plaintiff on May 16, 2023, constituted a "communication" as that term is defined by 15 U.S.C. § 1692a(2). Every communication after those letters also constituted a "communication" under 15 U.S.C. § 1692a(2).

42. In Defendant's May 16, 2023, collection communications Defendant failed to meet the notice requirements required pursuant to 15 U.S.C. § 1692g(a).

43. Defendant's May 16, 2023, collection communications failed to provide Plaintiff "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector" in violation of 15 U.S.C. § 1692g(a)(3).

44. Defendant's May 16, 2023, collection communications failed to provide Plaintiff and, upon information and belief, the Classes of similarly situated persons "a statement that if the consumer notifies the debt collector in writing

within the thirty-day period that the debt or any portion thereof is disputed the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector" in violation of 15 U.S.C. § 1692g(a)(4).

45. Defendant's May 16, 2023, collection communications failed to provide Plaintiff and, upon information and belief, the Classes of similarly situated persons "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor" in violation of 15 U.S.C. § 1692g(a)(4).

46. Defendant's May 16, 2023, collection communications misrepresented and deceived Plaintiff regarding Plaintiff's statutory rights under 15 U.S.C. § 1692g(a)(3), (4), and (5).

47. The purpose of 15 U.S.C. § 1692g is to ensure that consumers are made aware of their rights with respect to debt collection activities. *Higgins v. Capital Credit Services, Inc*., 762 F. Supp. 1128, 1134 (1991).

48. Defendant's collection communications violated 15 U.S.C. § 1692e(10) by Defendant's use of false representations and deceptive means in connection with its attempts to collect the Debt from Plaintiff.

49. Further, each of Defendant's collection communications described above (May 16, 2023, and July 18, 2023) failed to provide Plaintiff notice "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and the failure to disclose in subsequent communications that the communication is from a debt collector except that this paragraph shall not apply to a formal pleading made in connection with a legal action" in violation of 15 U.S.C. § 1692e(11).

50. Each of Defendant's collection communications described above (May 16, 2023, and July 18, 2023) misrepresented and deceived Plaintiff regarding Plaintiff's statutory rights under the FDCPA.

51. Each of Defendant's collection communications described above (May 16, 2023, and July 18, 2023) violated 15 U.S.C. § 1692e(10) by Defendant's use of false representations and deceptive means in connection with its attempts to collect an alleged debt.

52. Each of Defendant's letters described above (May 16, 2023, and July 18, 2023) violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of Plaintiff's alleged debt.

53. As alleged in this Complaint, Defendant engaged in unlawful, deceptive, and abusive collection activity with regard to their attempts to collect an alleged debt from Plaintiff and similarly situated Class members through its conduct and communications similar to those described above. Such conduct constitutes violations of 15 U.S.C. §§ 1692g(a), 1692e, and 1692f of the FDCPA.

## CLASS ACTION ALLEGATIONS

54. Plaintiff brings this class action on behalf of himself, and on behalf of all others similarly situated.

55. Plaintiff represents and intends to certify the Classes defined below:

**Initial Communication Class**
All persons in the United States who were sent an initial written communication substantially similar or identical to Defendant FSA's January 5, 2023, collection communication, in attempt to recover a consumer debt, which was not returned undelivered by the United States Postal Service, within one (1) year prior to the filing of the Complaint in this action.

**Mini-Miranda Notice Class**
All persons in the United States who were sent written communication substantially similar or identical to Defendant FSA's January 5, 2023, collection communication, in attempt to recover a consumer debt, which was not returned undelivered by the United States

Postal Service, within one (1) year prior to the filing of the Complaint in this action.

56. Defendant and their employees or agents are excluded from the Class.

57. Plaintiff does not know the exact number of persons in the Class, making joinder of all these actions impracticable.

58. The identities of individual members are ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

59. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:

   a. Whether Defendant violated the FDCPA as described herein;

   b. Whether members of the Classes are entitled to the remedies under the FDCPA;

   c. Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDPCA;

60. As a person who received at least one written communication from Defendant in violation of the FDCPA, as alleged in the Complaint, Plaintiff will fairly and adequately protect the interests of the Class.

61. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

62. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

63. A class action is a superior method for the fair and efficient adjudication of this controversy.

64. Class-wide damages are essential to induce Defendant to comply with the federal alleged in the Complaint.

65. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small because the combined maximum statutory damages in an individual action under the FDCPA is $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.,* securities fraud.

66. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Classes as a whole.

**COUNT ONE**

**Violation of the Fair Debt Collection Practices Act**

**15 U.S.C. §§ 1692, et seq. (FDCPA)**

67. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

68. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

69. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- That this action be certified as a class action on behalf of the Classes and Plaintiff be appointed as the representative of the Classes and Plaintiff's attorneys be appointed as Class Counsel;

- An Order providing Plaintiff and the Class members with injunctive relief, enjoining Defendant from continuing use of collection communications substantially in the form of the collection communications at issue;

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant for Plaintiff and each putative Class member;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant for Plaintiff and each putative Class member;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and

- Any and all other relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

70. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

DATED this 3rd day of January 2024.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: _/s/ Gustavo Ponce_
      Gustavo Ponce, Esq.
      Mona Amini, Esq.
      6787 W. Tropicana Ave., Ste 250
      Las Vegas, Nevada 89103
      _Attorneys for Plaintiff_



EXHIBIT A



**Financial Services of America**

415 N. State Street
Litchfield, IL 62056

**833-731-7964**

Todd Randall

4434 Hidden Oak Ct
LAS VEGAS, NV 89103
USA

Member #: TW3265PDN

Trade Winds Vacations

May 16, 2023

We are attempting to collect on your account and any information obtained will be used for that purpose. This account has been transferred for collection to FSA to resolve this open, unpaid, and accruing debt.

Please be advised, that you have been sent at least five (5) letters by U.S. mail, e-mailed, and telephoned on several occasions to notify you that your account is hundreds of dollars in arrears.

Per IRS publication 4681 we may be required to report to the Internal Revenue Service on any debt forgiven in excess of $600.00 as income to you. In general, you must report any taxable amount of a canceled debt as ordinary income from the cancellation of debt on Form 1040-SR, U.S. Individual Tax Return.

**We have been authorized to offer a settlement of this debt if you contact our offices within 14 days of receipt of this letter.**

**Please contact our offices at: 833-731-7964.**

If you choose not to accept this settlement, we will have no other choice but to report this debt as taxable to the IRS. We look forward to hearing from you.

Sincerely,

Robert Walls
Director of Operations



**Financial Services of America**



SECOND NOTICE

415 N. State Street
Litchfield, IL 62056

833-731-7964

Todd Randall

4434 Hidden Oak Ct
LAS VEGAS, NV 89103
USA

Member #: TW3265PDN

Trade Winds Vacations

July 18, 2023

We are attempting to collect on your account and any information obtained will be used for that purpose. This account has been transferred for collection to FSA to resolve this open, unpaid, and accruing debt.

Please be advised, that you have been sent at least five (5) letters by U.S. mail, e-mailed, and telephoned on several occasions to notify you that your account is hundreds of dollars in arrears.

Per IRS publication 4681 we may be required to report to the Internal Revenue Service on any debt forgiven in excess of $600.00 as income to you. In general, you must report any taxable amount of a canceled debt as ordinary income from the cancellation of debt on Form 1040-SR, U.S. Individual Tax Return.

**We have been authorized to offer a settlement of this debt if you contact our offices within 14 days of receipt of this letter.**

**Please contact our offices at: 833-731-7964.**

If you choose not to accept this settlement, we will have no other choice but to report this debt as taxable to the IRS. We look forward to hearing from you.

Sincerely,

Robert Walls
Director of Operations